CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/17/2024
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KLEIN TYLER CARTER,<br><br>                  *Defendant.* | CASE NO. 6:22-CR-00018<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      Defendant Klein Carter has filed a "Motion to Revoke Detention Order" pursuant to 18 U.S.C. § 3145(b), which allows a person ordered detained by a magistrate judge to file with a district court having original jurisdiction over the offense a motion for revocation or amendment of the initial detention order. After considering the Defendant's arguments and conducting a de novo review of the existing record, the motion is denied because no conditions of pretrial release will reasonably assure the safety of any other person and the community.

## I. BACKGROUND

      The Defendant is charged with serious drug and firearm-related offenses. On August 11, 2022, a grand jury found probable cause to charge the Defendant in a four-count indictment of (1) conspiracy to distribute and possess with intent to distribute cocaine, oxycodone, and marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); (2) possession of controlled substances in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C); (3) illegal possession of a machinegun in violation of 18 U.S.C §§ 922(o)(1) and 924(a)(2); and (4) possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. The charges arise from conduct alleged to have occurred between February and April of 2022. *Id.*

The Defendant appeared before United States Magistrate Judge C. Kailani Memmer for a detention hearing on October 8, 2024. Dkt. 24. At that hearing, Judge Memmer heard live testimony from Special Agent ("SA") Russell Davidson, as well as two individuals (Deborah Howard and Kevin Hinton) who would be willing to open their homes to the Defendant and serve as custodians during the pretrial period. *Id*. Because the grand jury charged the Defendant with violations of the Controlled Substances Act punishable with a maximum term of imprisonment of 10 or more years, there was a rebuttable presumption that no condition or combination of conditions would reasonably assure the safety of the community. 18 U.S.C. § 3142(e)(3). Although Judge Memmer found that the Defendant presented evidence sufficient to rebut the presumption, she concluded that clear and convincing evidence established that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.[1] Dkt. 28 at 2. Judge Memmer found detention to be warranted based on a number of factors, including: the nature and circumstances of the alleged offenses; the weight of the evidence against the Defendant; the fact that the Defendant would be subject to a lengthy period of incarceration if convicted; the Defendant's prior criminal history, history of violence or use of weapons, and history of substance abuse; the Defendant's prior attempts to evade law enforcement and use of aliases or false documents. *Id*. at 2-3.

In describing the seriousness of the danger to others or the community, Judge Memmer offered the following explanation:

> Defendant's pending charges are significant as they relate to the possession and distribution of cocaine, oxycodone, and marijuana. Defendant is also charged with the possession of firearms as a felon. I do not find that home incarceration or location monitoring is a viable option to keep Defendant from engaging in additional criminal activity. Defendant claims he was rehabilitated after recently serving a two-year prison sentence at Red Onion.

---

[1] Judge Memmer did not find that the Defendant was a flight risk. Dkt. 28 at 2.

> However, I do not find that recently serving a prison sentence for unrelated state charges is sufficient evidence to ensure the safety of the community.

Dkt. 28 at 3. The Defendant has since remained in pretrial detention and is scheduled for a jury trial in Lynchburg on April 14-16, 2025.

The Defendant's instant motion seeks to revoke Judge Memmer's detention order based on two arguments. Dkt. 31. First, he argues that he does not pose a serious danger to any other person or the community because two years have passed since the issuance of the indictment and he was incarcerated during that time period, so he "has not had contact with anyone involved in this matter in years." Dkt. 31 at 4. Second, and more significantly, the Defendant argues that he has proposed "a sound home plan that satisfied any concerns about danger to the community or flight risk." *Id*. at 5. He relies on testimony at the detention hearing provided by two prospective custodians with whom he could live prior to trial. Ms. Howard, who knows the Defendant through her daughter and lives in Sutherlin, Virginia, stated that children live with her and that she would not tolerate any conduct by the Defendant that would endanger her family. *Id*. at 2. Mr. Hinton, who is the Defendant's father and lives in Graham, North Carolina, testified that he is a certified peer recovery specialist and could provide a suitable home for the Defendant. *Id*. at 2-3. If the Court were to allow the Defendant to be confined at either custodian's home, he argues that these settings "would ensure that he is not able to engage with the types of people and activities that gave rise to his charges." *Id*. at 4. He also emphasizes that "both potential custodians made clear that they understood the obligation to inform the Court and/or probation of any missteps" by the Defendant. *Id*. at 5. The motion contends that "[b]ecause the judicial officer must impose the least restrictive conditions on Mr. Carter to assure his appearance in court and

that he will not pose a danger to the community, Mr. Carter submits that his home plan is more than adequate to provide the least restrictive conditions to ensure his compliance." *Id.*

## II. LEGAL STANDARDS

When considering a motion for revocation of a detention order under 18 U.S.C. § 3145(b), the district court reviews the magistrate judge's detention order de novo. *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985); *United States v. Stewart*, 19 Fed. App'x 46, 48 (4th Cir. 2001) (unpublished). The reviewing court may rely on the record from the detention hearing conducted by the magistrate judge and is not required to hold a second evidentiary hearing. *See United States v. Hayward*, No. 7:24-cr-1, 2024 WL 1197916, at *3 (W.D. Va. Mar. 20, 2024) (holding that a second hearing and oral argument was unnecessary because the court could resolve an 18 U.S.C. § 3145(b) motion based on a review of written submissions, Pretrial Services Report, and audio of the earlier detention hearing); *United States v. Jackson*, No. 7:19-CR-126-FL-2, 2019 WL 4689144, at *1 (E.D.N.C. Sept. 25, 2019) (collecting case law on discretion of district courts to determine whether to conduct a new evidentiary hearing). After reviewing the existing record (including the Pretrial Services Report and audio of the detention hearing held on October 8, 2024) as well as the Defendant's motion, the Court finds that holding a hearing and additional oral argument would not aid its decisional process.

Under the Bail Reform Act, when an individual is charged with a federal offense, a court should generally allow for pretrial release on personal recognizance, upon the execution of an unsecured appearance bond, or on a condition or a combination of conditions. 18 U.S.C. §§ 3142(a)-(c). Nevertheless, pretrial detention is permissible if a judicial officer holds a hearing and concludes that "no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of any other person and the community." *Id*.

§ 3142(e). When conducting this analysis, a judicial officer considers the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id*. § 3142(g).

In cases where there is probable cause to believe that a defendant has committed a violation of the Controlled Substances Act punishable by a maximum term of imprisonment of 10 years or more, there is a rebuttable presumption that no condition or combination of conditions can reasonably assure the defendant's appearance before the Court and the safety of the community if released. *Id*. § 3142(e)(3)(A). This presumption of dangerousness reflects Congress's concern that certain offenders are likely to engage in criminal conduct regardless of their existing charges, their bond, or other pretrial release conditions. *See United States v. Crump*, No. 7:22-cr-00016, 2022 WL 796702, at *2 (W.D. Va. Mar. 15, 2022) (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). To rebut this presumption, a defendant

must provide evidence that he does not endanger the community or pose a flight risk – and while this burden is not heavy, the defendant "must put forth some evidence to rebut the presumption of dangerousness." *Id*. (citing *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).

When such evidence is produced, a defendant is not automatically entitled to pretrial release; instead, a defendant's rebuttal of the presumption is one of several factors considered by the court. *United States v. Khusanov*, 731 Fed.Appx. 19, 21 (2d Cir. 2018). Moreover, the Government bears the burden of persuasion and must show either (1) the defendant is a flight risk based on a preponderance of evidence that no combination of conditions will reasonably assure the defendant's presence at future proceedings or (2) the defendant's release will endanger the safety of any other person or the community based on clear and convincing evidence. *See id.;* *United States v. Mitchell*, No. 1:23-mj-157, 2023 WL 5438156, at *2 (E.D. Va. Aug. 23, 2023) (discussing the framework of presumption cases).

### III. ANALYSIS

Based on the grand jury's indictment, there is probable cause to believe that the Defendant committed violations of the Controlled Substances Act punishable by a maximum sentence of 10 or more years imprisonment. Accordingly, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). At the detention hearing, the Government conceded that it was not concerned about Defendant being a flight risk and the magistrate judge did not order his detention on such grounds. Instead, Judge Memmer focused on the danger posed by the Defendant to the community, finding that no conditions of release would reasonably assure the safety of others. Dkt. 28 at 2. Thus, the Defendant's pending motion

6

primarily addresses whether any conditions of release would assure community safety. Dkt. 31 at 4 n.1. While the Court has concerns about Defendant's flight risk given his prior state convictions for eluding police in 2020 and 2022, it is sufficient to find that detention is appropriate to assure the safety of the community.

      First, the Defendant's arguments about the time that has passed since the indictment and his two years in state prison, as well as his home plan, do not rebut the presumption that no conditions of pretrial release would reasonably protect the safety of others. A defendant's recent sentence arising from a state criminal prosecution and his purported rehabilitation during that period of incarceration do not provide adequate assurance that Defendant will refrain from criminal activity if allowed on pretrial release. It is hard for the Court to assess whether the Defendant has, in fact, been rehabilitated and must weigh this claim against a troubling history. Although many of the prior charges were nolle prossed or dismissed, he has been convicted of distribution/possession with intent to distribute marijuana, disorderly conduct, eluding a police officer, falsely identifying himself to police, and possession of a firearm by a nonviolent felon. The cumulative effect of the charges and convictions is that the Defendant has a documented history of disrespecting the law. Even after facing several prosecutions in 2020 (at the age of 18), he continued to engage in various misconduct and picked up a number of charges and convictions through 2022. His early run-ins with the law did not deter subsequent offenses. This is indicative of an unwillingness or an inability to follow the law.

      The proposed home plans also do not address underlying safety concerns about weapons and illegal substances. To be sure, the Court appreciates Ms. Howard's and Mr. Hinton's willingness to open their homes to the Defendant pending trial.[2] Importantly, both proposed

---

[2] Regarding Ms. Howard, the Court is somewhat troubled by the fact that she had a limited relationship with the Defendant and had never met him in person until the day of the detention hearing. This raises questions about

custodians stated at the detention hearing that they would report issues and violations of home detention conditions. Nevertheless, home detention with either custodian is inappropriate under these circumstances given the Defendant's pending case and his history of drug and firearms-related charges and convictions. While home detention and location monitoring provide information about where a Defendant is located, these mechanisms do not provide insight into the Defendant's conduct at the location and who else is visiting the Defendant. Given the present allegations related to drug distribution activities and the possession of firearms, as well as the Defendant's criminal history, the Court is not persuaded that the evidence of the home plans rebuts credible concerns about the risk of additional criminal behavior and the dangers this poses to other people – including to occupants of the potential custodians' homes and the community at large.

Even if the Defendant rebutted the presumption, the Government has still presented clear and convincing evidence that "no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2). The factors enumerated in 18 U.S.C. § 3142(g) leads to this conclusion.

The Court must consider the "nature and circumstances of the offense charged," including whether the offense involves "a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Here, the Defendant faces serious charges related to controlled substances and firearms. More specifically, he is charged with conspiring to distribute and possess with intent to distribute cocaine and oxycodone, Schedule II controlled substances, and

---

whether her home would be the most suitable environment for someone on pretrial release. Still, Ms. Howard stated at the detention hearing that she had known the Defendant for nine months through her daughter and was familiar with him because she had spoken with him on the phone during his incarceration in state prison.

8

marijuana, a Schedule I controlled substance. Dkt. 1 at 1. He is also charged with possession with the intent to distribute cocaine and marijuana. *Id*. at 2. Moreover, the Defendant is charged with illegal possession of a machinegun and possessing a firearm as a felon. *Id*. The alleged conduct giving rise to these charges poses significant risks to public health and safety. *See, e.g., United States v. Caro*, 597 F.3d 608, 624 (4th Cir. 2010) (noting that "illegal drugs have long and justifiably been associated with violence."). The significance of these offenses is reflected in the lengthy prison sentences that can be imposed on similarly-charged offenders.

      The specific circumstances of the alleged offenses are also troubling. At the detention hearing, SA Davidson provided an overview of the investigation, which was initiated after authorities became aware of a public Facebook account operated by the Defendant. According to SA Davidson, the account featured videos and photos with guns and emojis that referenced the sale of narcotics. SA Davidson also said that law enforcement obtained a warrant to put a GPS monitor on the Defendant's car and used location data to link the vehicle to the site of a shooting in Brookneal, Virginia in April 2022. When authorities executed a search warrant at a Lynchburg hotel, they found drugs and two firearms in a room connected to the Defendant. Authorities determined one of the firearms was used in the shooting. SA Davidson stated that the Defendant admitted to possessing the firearms in an interview with law enforcement (although the Defendant claimed he was holding them for another individual). Authorities also seized a cell phone from the Defendant and found videos on it which, according to SA Davidson, showed the Defendant using marijuana, handling firearms, and shooting a firearm.

      Relatedly, the Court must consider the weight of the evidence against the Defendant. 18 U.S.C. § 3142(g)(2). The Defendant is entitled to the presumption of innocence of the present charges. Nevertheless, the Court notes that SA Davidson described evidence against the

Defendant that is quite strong. The grand jury also found probable cause to issue its four-count indictment.

The Court also considers the history and characteristics of the Defendant. 18 U.S.C. § 3142(g)(3). The Defendant is just 22 years old but has a significant criminal history going back to when he was 18. As noted earlier, between 2020 and 2022, he was convicted of various state offenses. These include distribution/possession with intent to distribute marijuana, disorderly conduct, eluding a police officer, falsely identifying himself to police officer, and possession of a firearm by a nonviolent felon. State prosecutors have also charged him at various points with other drug and firearm-related offenses, although the cases were either dismissed or nolle prossed. Still, the Court finds the frequency of arrests, charges, and convictions to suggest there is a serious risk of future criminal conduct if the Defendant is released prior to trial.

Finally, the Court must take into account the nature and seriousness of the danger to the community posed by the Defendant's release pending trial. 18 U.S.C. § 3142(g)(4). Considering the public safety issues created by the kinds of offenses which characterize the Defendant's criminal record (particularly, drug and firearm-related offenses, as well as eluding police), the nature of the present charges, and the Defendant's prior disregard for the law, the Court finds that the Defendant would present serious risks to the community if released prior to trial. Defendant's proposed conditions, including home confinement, GPS monitoring, and having third party custodians execute financial sureties, Dkt. 31 at 5, do not adequately account for the dangers posed by controlled substances and firearms and would not necessarily deter an individual from obtaining them.

Based on the 18 U.S.C. § 3142(g) factors, the Court concludes that the government has established by clear and convincing evidence that Defendant would pose a danger to the

community if he were released prior to trial. The Court finds that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community

## IV. Conclusion

For the reasons provided above, the Defendant's motion is denied, and he shall be detained pending trial. The Court will enter an accompanying order on this same day.

Entered this <u>17th</u> day of December, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE